**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**HELEN V. COOPERWOOD**                                          **PLAINTIFF**

**V.**                        **CASE NO. 1:11-CV-158**

**AMERICAN EUROCOPTER, LLC**                                  **DEFENDANT**

## **MEMORANDUM OPINION**

This cause comes before the court on the defendant's motion to dismiss [9] the case pursuant to Fed. R. Civ. P. 12(b)(5) and (6). Having considered the motion and submissions of the parties, the court finds that the motion is well taken and should be granted.

Helen Cooperwood was hired by American Eurocopter Corporation[1] ("AE") on September 8, 2008. Shortly thereafter, Cooperwood advised AE that her workload was too heavy for one person and that she needed help. On May 10, 2010, she was diagnosed with a permanent disability allegedly due to the repetitive folding requirements of her job. On August 5, 2010, she was discharged from her position at AE.

On September 28, 2010, Cooperwood filed a charge of race and disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC found insufficient evidence to establish a violation and issued Cooperwood a right to sue letter. On August 9, 2011, she filed a complaint in this court, alleging that AE failed to promote and subsequently terminated her because she is an African American. Seeing that the plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., this court has federal question jurisdiction, 28 U.S.C. § 1331.

---

[1] The defendant is incorrectly listed as American Eurocopter LLC in the complaint. *See* Doc. 10

At this time, the defendant seeks dismissal of the case for insufficient service of process and failure to state a claim. Since the filing of its motion, the defendant has been properly served. Therefore, the court will only determine whether the plaintiff has stated a valid claim for relief.

When considering a Rule 12(b)(6) motion, the court must liberally construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005). While the complaint need not contain any detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Colony Ins. Co. v. Peachtree Constr., Ltd..*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. Dismissal is only appropriate if it appears "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." 419 F.3d at 351.

To make a prima facie showing of employment discrimination, the plaintiff must show that she (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class, or in the case of disparate treatment, show that other similarly situated employees were treated more favorably. *Bryan,* 375 F.3d at 360; see also *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 404 (5th Cir. 1999). "In disparate treatment cases, the plaintiff-employee must show 'nearly identical' circumstances for employees to be considered similarly situated." *Berquist v. Wash. Mut. Bank,* 500 F.3d 344, 353 (5th Cir. 2007).

In the complaint, Cooperwood alleges that AE treated her less favorably than its Caucasian employees and that the defendant's actions caused her to suffer a work injury. She asserts that AE refused to promote her when she advised the company that her workload was too heavy. She further asserts that she was terminated once AE found out about her lawsuit. Although, in responding to the motion to dismiss, Cooperwood states that she was not terminated because of discrimination, but rather for "fraudulently modifying" a release from her doctor. *See* Doc. 12. It therefore appears that the plaintiff's only remaining claim is for failure to promote based on race.

The parties agree that Cooperwood is a member of a protected class and suffered an adverse employment action. However, Cooperwood does not allege in the complaint that she was qualified for her position or replaced by someone outside of the protected class. Likewise, she fails to show that other similarly situated employees were treated more favorably. The complaint contains nothing "more than labels and conclusions" which alone will not suffice. Due to the plaintiff's failure to state a claim for employment discrimination, the case must be dismissed. The defendant's motion **[9]** is GRANTED. A separate judgment shall will be issued this day pursuant to Fed. R. Civ. P. 58.

This the 6th day of February, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

3